UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 15-60660-CIV-COHN-SELTZER

MARK O'LOUGHLIN,
Plaintiff,
vs.
EQUIFAX, INC.; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and FLAGSTAR BANK, FSB
Defendants.
_____/

**PLAINTIFF'S RESPONSE TO *DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FORE MORE DEFINITE STATEMENT***

Plaintiff Mark O'Loughlin responds to Defendant Flagstar Bank, FSB's motion to dismiss his complaint, or alternatively, for a more define statement. [DE 16]. Plaintiff asks the this Honorable Court to deny Defendant's motion.

## I. APPLICABLE LEGAL STANDARD

Plaintiff generally agrees with Defendant's characterization of the alleged facts underlying his complaint and with Defendant's description of the legal standards applicable to Rule 12(b)(6) and Rule 12(e) motions. [*Motion* at 1-2].

## II. SECTION 1681s-2(b) INVESTIGATION DUTIES LINKED TO SECTION 1681s-2(a)

Defendant is eminently correct that because it is a furnisher of information under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (''FCRA''), Plaintiff cannot bring a cause of action against it for violations of the Act's § 1681s-2(a).  However we show below how § 1681s-2(a) informs and links to a furnisher's breach of its investigative duties under § 1681s-2(b). In pertinent part, the FCRA's §1681s-2(b) provides:

> **Duties of furnishers of information upon notice of dispute**
> (1)  In general

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b) (bold title in original). Thus, the FCRA's § 1681s-2(b) requires furnishers who have received notice of a consumer's dispute from a consumer reporting agency (colloquially a "credit bureau") to "conduct and investigation with respect to the disputed information". 15 U.S.C. § 1681s-2(b)(1)(A).

Section 1681s-2(b) does not explicitly prescribe the specific duties furnishers must discharge in connection with the investigation. However, the courts have determined, for example, that the investigations must be "reasonable". This is the lesson of Johnson v. MBNA America Bank, NA, 357 F.3d 426 (4th Cir. 2004). In Johnson, the court rejected a furnisher's claim that the FCRA only required it "to conduct a cursory review of its records to verify the disputed information." Id. at 429. The courts have similarly explained that a furnisher's investigative duties under § 1681s-2(b) are linked to its duties under § 1681s-2(a).

Let's take the first alleged violation Defendant finds defective in Plaintiff's complaint:

> (iv) publishing the negative information about O'Loughlin to the credit reporting agencies without also including a notation that the debt was disputed[.]

[*Motion* at 2, 7; *Complaint* at 10]. This alleged violation mirrors the FCRA's § 1681s-2(a)(3) requirement:

> **Duty to provide notice of dispute**
> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(3) (bold title in original). In Saunders v. Branch Banking and Trust Company of Virginia, 526 F.3d 142 (4th Cir. 2008), the court explained how a furnisher breaches its § 1681s-2(b) duty by failing to report a disputed debt once it becomes aware that a consumer disputes the debt:

> Despite the statutory text and precedent detailed above, BB & T contends that reporting a debt without reporting its disputed nature can never be deemed inaccurate as a matter of law. BB & T argues that furnishers need not report affirmative defenses raised by consumers and suggests that the consumer's filing of a dispute with the CRAs renders any reporting on the dispute by the furnisher superfluous.
> According to BB & T, FCRA requires this result. BB & T relies on asserted critical differences between § 1681s-2(a) and § 1681s-2(b). The former imposes a duty on furnishers to provide accurate information, *see* § 1681s-2(a); *inter alia*, it requires furnishers to report consumer disputes, see § 1681s-2(a)(3). **BB & T contends that the absence of a specific requirement to report consumer disputes in § 1681s-2(b) means that Congress did not intend for furnishers to report disputes to CRAs when responding to their requests for consumer dispute verification.**
> This argument ignores the interplay of § 1681s-2(a) and § 1681s-2(b). The first subsection, § 1681s-2(a), provides that furnishers have a general duty to provide accurate and complete information; the next subsection, § 1681s-2(b), imposes an obligation to review the previously disclosed information and report whether it was "incomplete or inaccurate" upon receipt of a notice of dispute from a CRA. The second subsection thus requires furnishers to review their prior report for accuracy and completeness; it does not set forth specific requirements as to what information must be reported, because these requirements have already been set forth in the first subsection. No court has ever suggested that a furnisher can excuse its failure to identify an inaccuracy when reporting pursuant to § 1681s-2(b) by arguing that it should have *already* reported the information accurately under § 1681s-2(a).

Id. at 149-150 (bold emphasis added). We suggest Saunders stands for the proposition that a furnisher breaches its § 1681s-2(b) investigative duty when it fails to report a debt as disputed upon conducting the investigation required by § 1681s-2(b)(1).

We suggest that the Saunders FCRA § 1681s-2 subsections interplay principle extends to the other two alleged violations Defendant finds defective in Plaintiff's complaint. Defendant challenges these alleged FCRA breaches:

> (x) failing to provide to the relevant consumer reporting agencies with the factual information and evidence that O'Loughlin submitted to it, and which proved that the information concerning O'Loughlin was inaccurate;
> (xi) continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning O'Loughlin to consumer reporting agencies.

[*Motion* at 3,7; *Complaint* at 11]. These alleged violation reflect the FCRA's § 1681s-2(a)(2) requirements, which we contend are linked to the investigation requirement of § 1681s-2(b), as Saunders explained:

> **Duty to correct and update information**
> A person who—
>  (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
>  (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,
> shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

15 U.S.C. § 1681s-2(a)(2) (bold title in original). Thus, as alleged, had Defendant conducted a "reasonable" investigation of Plaintiff's dispute which complied with § 1681s-2(b), it should have: (1) provided the credit bureaus notice of Plaintiff's dispute; (2) sent the credit bureaus information and evidence indicating Plaintiff's reported information was inaccurate; and (3)

stopped reporting inaccurate information about Plaintiff to credit bureaus. Because it undertook none of those three actions, Defendant violated the FCRA's section 1681s-2(b).

### III. MORE DEFINITE STATEMENT NOT NECESSARY

A Rule 12(e) motion attacks pleadings that are so unclear that drafting a response to them is impossible. *See*, *e.g.*, Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D.Cal.1999). However, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *See*, *e.g.,* Bureerong v. Uvawas, 922 F.Supp. 1450, 1461 (C.D.Cal. 1996).

We suggest that the three challenged allegations of Plaintiff's complaint readily put Defendant on notice as to what it did wrong: (1) Defendant did not provide the credit bureaus notice of Plaintiff's dispute. (2) Defendant did not send the credit bureaus information and evidence indicating Plaintiff's reported information was inaccurate. (3) Defendant continued to report inaccurate information about Plaintiff to credit bureaus.

### IV. CONCLUSION

Because Plaintiff's complaint states a cognizable cause of action under the FCRA and puts Defendant on notice of what it did wrong, this Honorable Court should deny Defendant's motion.

Certificate of Service

I hereby certify that on 2015-05-11 the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via the Court's CM/ECF system.

/s/ Leo Bueno
Leo Bueno, Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com

Yalexis@BuenoLaw.com<br>
Attorney for Plaintiff

<u>Service</u> <u>List</u>

Maria H. Ruiz
Florida Bar No.: 182923
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131-3426
Tel: 786-587-1044
Fax: 305-675-2601
mruiz@kasowitz.com
*Counsel for Experian Information Solutions, Inc.*

J. Anthony Love, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600 Fax: (404) 572-5100
Email: tlove@kslaw.com
*Counsel for Equifax, Inc.*

Andrew P. Marcus
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Tel: 954-761-8111 Fax: 954-761-8112
andrew.marcus@gray-robinson.com
*Counsel for Flagstar Bank, FSB*

G:\CLIENTS\OLoughlin Mark 0000 [Flagstar]\OLoughlin Mark Response to Flagstar Motion to Dismiss or More Definite Statement.docx