UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60660-CIV-COHN/SELTZER

MARK O'LOUGHLIN,

    Plaintiff,

v.

EQUIFAX, INC., EXPERIAN INFORMATION
SOLUTIONS INC., and FLAGSTAR BANK,
FSB,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Flagstar Bank, FSB's Motion to Dismiss Complaint, or in the Alternative, for a More Definite Statement [DE 16] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion.

## I. BACKGROUND

Plaintiff Mark O'Loughlin asserts claims against each Defendant in this action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. On May 6, 2011, O'Loughlin received a discharge of debt upon completion of a payment plan pursuant to a Chapter 13 bankruptcy. DE 1-2 at 2–13 (Complaint) ¶ 17.[1] The plan

---

[1] For the purpose of resolving the Motion, the Court accepts as true the facts alleged in the Complaint. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n.3 (11th Cir. 2011).

included payments on an account O'Loughlin maintained with Defendant Flagstar Bank, FSB ("Flagstar"). Id. ¶ 18.

After the completion of the payment plan, O'Loughlin noticed that his credit reports reflected incorrect information about his Flagstar account. Specifically, the credit reports he received from Defendants Equifax, Inc. ("Equifax") and Experian Information Solutions Inc. ("Experian") incorrectly stated that payments on the Flagstar account were past due or had been charged off, instead of having been paid and discharged as part of the bankruptcy payment plan. Id. ¶¶ 26–32. On the basis of these incorrect credit reports, O'Loughlin has asserted claims for violations of the FCRA against Equifax and Experian. Id. ¶¶ 44–67. O'Loughlin also has raised a single claim against Flagstar under 15 U.S.C. § 1681s-2(b), denominated Count V in the Complaint, alleging that Flagstar failed to reasonably investigate O'Loughlin's disputes relating to his account and furnished inaccurate information regarding the account to Equifax and Experian. Compl. ¶¶ 68–73. Flagstar has responded to Count V with the Motion, seeking dismissal of the claim against it for failure to plead a cause of action.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

### III.  DISCUSSION

In the Motion, Flagstar argues that O'Loughlin's claim against it fails because the claim rests upon violations of 15 U.S.C. § 1681s-2(a), for which Congress has not created a private cause of action. However, facts giving rise to a violation of § 1681s-2(a) can also contribute to a violation of § 1681s-2(b), for which a private cause of action *does* exist. Accordingly, that some of Flagstar's complained-of conduct might violate § 1681s-2(a) does not foreclose O'Loughlin's claim upon that same conduct under § 1681s-2(b).

The parties agree that Flagstar is a furnisher of information to a consumer reporting agency for purposes of § 1681s-2. Section 1681s-2 imposes certain obligations upon furnishers of information. Though § 1681s-2(a) and (b) both enumerate duties of a furnisher, Congress has created a private cause of action only for violations of subsection (b). See, e.g., Green v. RBS Nat'l Bank, 288 F. App'x 641, 642–43 (11th Cir. 2008) (per curiam).

O'Loughlin has premised Count V of the Complaint upon alleged violations of § 1681s-2(b), which requires a furnisher of information to a consumer reporting agency, upon notice from the agency, to investigate information disputes and report to the agency whether any information the furnisher had provided was incomplete or inaccurate. See Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009). Nevertheless, some of the conduct pled in Count V may also reflect violations of § 1681s-2(a). Flagstar argues that because Congress has not created a private right of action for violations of § 1681s-2(a), those portions of Count V which implicate duties arising from subsection (a) should be dismissed.

That facts giving rise to a violation of § 1681s-2(b) may also reflect a violation of subsection (a) does not shield a defendant from a private suit under subsection (b) upon those facts. Seamans v. Temple Univ., 744 F.3d 853, 867 (3d Cir. 2014); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162–64 (9th Cir. 2009); see also Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149–50 (4th Cir. 2008) ("No court has ever suggested that a furnisher can excuse its failure to identify an inaccuracy when reporting pursuant to § 1681s-2(b) by arguing that it should have *already* reported the information accurately under § 1681s-2(a)."). In this case, O'Loughlin has alleged acts by Flagstar resulting in the provision of inaccurate information to consumer reporting agencies. Compl. ¶ 69. Whether these acts will ultimately give rise to liability under § 1681s-2(b) is a question for the factfinder. But that O'Loughlin's allegations may also

suggest violations of § 1681s-2(a) does not warrant dismissal of his claim against Flagstar. See Gorman, 584 F.3d at 1164.[2] It is accordingly

**ORDERED AND ADJUDGED** that Defendant Flagstar Bank, FSB's Motion to Dismiss Complaint, or in the Alternative, for a More Definite Statement [DE 16] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of July, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2] The Court declines to address Flagstar's additional arguments for dismissal of the Complaint that Flagstar has raised for the first time in its Reply. See, e.g., S.D. Fla. L.R. 7.1(c); Powell v. Carey Int'l, Inc., 490 F. Supp. 2d 1202, 1206 n.4 (S.D. Fla. 2006). Further, Flagstar's alternative request for a more definite statement (DE 16 at 8), which does not address which allegations in the Complaint are so vague or ambiguous that Flagstar could not formulate a response, fails as conclusory.